IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## WILLIAM MILLER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**Nos. F-9154 and F-9654     Larry B. Stanley, Jr., Judge**

---

**No. M2007-00487-CCA-R3-PC - Filed February 25, 2008**

---

The petitioner, William Miller, pleaded guilty to sale of more than .5 grams of cocaine, a Class B felony, and two counts of sale of less than .5 grams of cocaine, Class C felonies, in exchange for an effective sentence of 12 years. On post-conviction appeal, the petitioner argues that his guilty plea was unlawfully induced and entered without an understanding of the consequences, that the prosecution failed to disclose favorable evidence, and that his trial counsel was ineffective by failing to investigate alibis and inform him of opportunities to appeal motions. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Bud Sharp, McMinnville, Tennessee, for the appellant, William Miller.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Lisa Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 26, 2005, the petitioner pleaded guilty to the sale of more than .5 grams of cocaine, a Class B felony, and two counts of sale of less than .5 grams of cocaine, a Class C felony. *See* T.C.A. § 39-17-417. He received a sentence of twelve years on the Class B felony and eight years on each of the Class C felonies, to be served concurrently as a Range II Offender at 35 percent.

The petitioner filed a petition for post-conviction relief on November 10, 2005. An evidentiary hearing was held on January 10, 2007 in the Criminal Court for Shelby County.

At the post-conviction hearing, the petitioner testified that his main issues were a lack of a speedy trial, that his alibi witnesses were never interviewed, that he did not receive proper discovery, and that his attorney did not appeal motions. The petitioner testified that he went to trial fourteen months from the date of his indictment. He testified that his counsel did in fact speak with his alibi witnesses but that the information was not presented to the court.

The petitioner testified that he did not know that the denial of his motion for a speedy trial could have been appealed to the Court of Criminal Appeals. He said he took the plea agreement because his pre-trial motions were unsuccessful and his counsel advised him that he "couldn't win," and "needed to go on and plead out."

On cross examination, the petitioner testified that his counsel went through the charges with him, as well as evidence the State would present if the case went to trial. He testified that he saw transcripts from a confidential informant and was aware that he could be facing up to 80 years in prison if he was convicted. He knew the charge of selling cocaine in a school zone was a Class B felony subject to 100 percent service of jail time. The petitioner testified that at the plea hearing he told the judge that he had no problems with his representation and that he was satisfied with how his counsel had handled the case.

Trial counsel testified that he filed motions to suppress evidence, a motion for a speedy trial, and a motion to obtain the arrest history of the confidential informant. He wanted the arrest history to support a theory that the informant provided information in exchange for special treatment but there was no information to support this. He testified that he investigated the petitioner's alibi, but "the alibis were not of any value . . . I did investigate them and I tried to develop them and I don't think they were any benefit."

Trial counsel testified that he was concerned with the petitioner's criminal history because he feared a jury would look negatively upon it. He said that he discussed the plea offer with the petitioner for "a good hour, two hours." Trial counsel testified he explained to the petitioner the consequences of losing the motions and exactly what the plea agreement entailed.

On cross examination, trial counsel testified that he argued the motions on the petitioner's behalf before any plea agreement was entered, that he filed several motions for the case, and performed an appropriate investigation. The plea agreement was discussed "extensively" with the petitioner.

The petition for post-conviction relief was denied by written order on Janurary 19, 2007. The order addressed the specific claims by the petitioner, holding:

> Petitioner first alleges that the conviction was based on an unlawfully induced guilty plea involuntarily entered without understanding the nature and consequences of the plea. The trial court finds the Petitioner has no evidence of this. In fact, the proof

showed the Petitioner had read, signed, and answered in court that he had read and understood the plea and that he was entering into the agreement freely and voluntarily. The court further considered the Petitioner's previous convictions on multiple accounts and his familiarity with the legal system.

Petitioner alleges that his conviction was based on the unconstitutional failure of the prosecution to disclose to Petitioner evidence favorable to Petitioner. The trial court heard no proof of any favorable evidence not disclosed.

Petitioner alleges the denial of effective assistance of counsel by never receiving the informant's arrest history. The trial court heard no evidence that the State had an obligation to turn this over to Petitioner and is an invalid ground for post conviction.

Petitioner alleges his prior attorney . . . never contacted those named on the indictment. Attorney . . . testified that he talked to some of the witnesses listed on the [i]ndictment, but could not say that he talked to everyone listed. The trial court did not hear how, by contacting those listed on the Indictment, would prove his innocence in Count II.

Petitioner alleges that his prior attorney . . . used a scare tactic by telling him he did not believe they could win. The trial court notes that a good attorney would let the Petitioner know what he is facing if convicted at trial and the likelihood to success at trial.

Petitioner alleges that he filed a Motion for Speedy Trial and that this Motion was not heard. The trial court finds that this Motion was heard and that the Petitioner was incarcerated on other charges at the time and the fact that it was to be tried within fourteen (14) months from the indictment and therefore, carries no weight.

The trial court finds that the Petitioner was not prejudiced and did enter a knowing and voluntary plea.

The petitioner filed a timely appeal on February 12, 2007. In this appeal he alleges that his guilty plea was unlawfully induced and entered without an understanding of the consequences, that the prosecution failed to disclose exculpatory evidence, and that his trial counsel was ineffective by failing to investigate alibis and inform the petitioner of opportunities to appeal unsuccessful motions.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

We will now address the claims of the petitioner individually.

**A. Petitioner's claim that the guilty plea was unlawfully induced and entered without understanding the consequences.**

The petitioner first argues that his guilty plea was unlawfully induced and entered without understanding the consequences. Due process demands that a guilty plea be entered voluntarily, knowingly, and understandingly. *See Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969). "[T]he core requirement of *Boykin* is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" *Blankenship v. State,* 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Fontaine v. United States,* 526 F.2d 514, 516 (6th Cir. 1975)). The plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970). A plea is involuntary if the accused is incompetent or only "if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship,* 858 S.W.2d at 904 (quoting *Boykin*, 395 U.S. at 242-43).

In this case, the petitioner testified that he made the choice to plead guilty based upon his belief that he could not be successful at trial. Although he claimed that he did not completely understand his appellate options, the petitioner acknowledged that his trial counsel had fully explained the consequences of the guilty pleas to him. Trial counsel testified that he discussed the entirety of the State's evidence with the petitioner and that it was the petitioner's choice to plead guilty. The petitioner testified that he was advised of his rights before entering his pleas. Moreover, nothing in the transcript suggests that the pleas were the product of "'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship,* 858 S.W.2d at 904 (quoting *Boykin*, 395 U.S. at 242-43). Under these circumstances, the petitioner has failed to establish by clear and convincing evidence that his guilty pleas were not knowingly, voluntarily, and intelligently entered.

**B. Petitioner's claim that the prosecution failed to disclose evidence favorable to the petitioner.**

The petitioner next argues generally that the State withheld "favorable" statements, including "the police statements, or the informant, the witnesses' statements." The withholding of certain exculpatory information runs afoul of principles of due process. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). The state counters that no exculpatory or material

statements were withheld.

In *Brady*, the United States Supreme Court held that the prosecution has a constitutional duty to furnish an accused with exculpatory evidence pertaining to either the accused's guilt or innocence or the punishment that may be imposed. Failure to reveal exculpatory evidence violates due process when the evidence is material either to guilt or punishment, irrespective of the prosecution's good faith. *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97. In *Strickler v. Greene*, 527 U.S. 263, 119 S. Ct. 1936 (1999), the Court enumerated three components of a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Id.* at 281-82, 119 S. Ct. at 1948.

We see no evidence of a such a violation in the present case. The post-conviction court found that there was no proof of any undisclosed favorable evidence. The petitioner has provided no proof of any such undisclosed evidence, its suppression by the State, or how he was prejudiced. Accordingly, the record supports the post-conviction court's finding that no violation of the petitioner's due process rights occurred.

## C. Petitioner's claim of ineffective assistance of counsel.

Finally, the petitioner argues that he received ineffective assitance of counsel. The Sixth Amendment of the United States Constitution and article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *See* U.S. Const. amend. VI; Tenn. Const. art. I, § 9; *see also Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). "Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are subject to de novo review." *Serrano v. State*, 133 S.W.3d 599, 603 (Tenn. 2004); *see State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999) When a defendant claims ineffective assistance of counsel, the court must determine (1) whether counsel's performance was within the range of competence demanded of attorneys in criminal cases, *Baxter*, 523 S.W.2d at 936, and (2) whether any deficient performance prejudiced the petitioner, *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). *See also Powers v. State*, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one. *Henley*, 960 S.W.2d at 580.

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2070. This court should not second-guess informed tactical and strategic decisions by defense counsel. *Henley*, 960 S.W.2d at 579. It must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2070.

However, this court's deference to counsel's tactical decisions will depend upon counsel's adequate investigation of defense options. *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987). Assuming adequate investigation, the fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. *Thompson v. State*, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997); *Jerry Whiteside Dickerson v. State*, No. 03C01-9710-CR-00472, slip op. at 3 (Tenn. Crim. App., Knoxville, Sept. 16, 1998).

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). To show prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

Our analysis of the issues on appeal need not be protracted. The record supports the post-conviction court's determination that the petitioner failed to establish his claims of ineffective assistance of counsel by clear and convincing evidence. The trial court found that trial counsel performed an appropriate investigation into the case, and that finding is supported in the record. That certain motions were not appealed does not per se entitle the petitioner to relief. The Tennessee Supreme Court has consistently held that the entry of an informed and counseled guilty plea constitutes an admission of all of the facts and elements necessary to sustain a conviction and a waiver of any non-jurisdictional defects or constitutional irregularities. *See State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002) (citing *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999)). Moreover, trial counsel's decision not to pursue an appeal of unsuccessful motions qualifies, in this case, as a sound tactical decision.

Finally, the petitioner's alleged alibi witnesses were not called to testify at the post-conviction hearing and no evidence instructs us as to what their testimony would provide. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id*. Accordingly, a petitioner who establishes that trial counsel deficiently performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id*. at 757-58. Thus, the petitioner failed to establish prejudice with respect to trial counsel's failure to use any or all of the prospective alibi witnesses at trial.

Having reviewed the petitioner's claims for post-conviction relief and holding that the record supports the post-conviction court's denial of his claims, we affirm the judgment of the post-conviction court.

_____

JAMES CURWOOD WITT JR., JUDGE